IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

CHANTEL NORPORSHIA WADE,  :

        :

       Petitioner,    :

v.         :    Case No. 7:25-CV-183 (WLS-ALS)

        :

WARDEN WENDY JACKSON,  :

        :

       Respondent.    :

        :

## ORDER

Pending before the Court is a federal habeas corpus petition filed by *pro se* Petitioner Chantel Norporshia Wade, a prisoner in the Pulaski State Prison in Hawkinsville, Georgia, (ECF No. 1).   On January 28, 2026, Petitioner was ordered to either pay the $5.00 filing fee or submit a complete and proper motion for leave to proceed *in forma pauperis.* Petitioner was given fourteen (14) days to comply, and she was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of her case.  *See generally* ECF No. 3.

The time for compliance passed without a response from Petitioner.  As such, on March 9, 2026, the Court ordered Petitioner to respond and show cause why her Petition should not be dismissed for failure to comply with the January 28th Order.   Petitioner was also directed to either pay the filing fee or submit her motion for leave to proceed *in forma pauperis* if she wanted to proceed with this action.   Petitioner was again given fourteen (14) days to respond, and she was again warned that failure to respond would likely result in the dismissal of this action.  *See generally* ECF No. 4.

The time for compliance has again expired without a response from Petitioner. As Petitioner has been warned, the failure to comply with the Court's orders and instructions is cause for dismissal of this case. Accordingly, the Petition is **DISMISSED without prejudice**. Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before she may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v.*

2

*Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving denial of COA before movant filed

a notice of appeal).

 **SO ORDERED**, this /4td day of April 2026.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT